## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 11 2019, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 11, 2019

Court of Appeals Case No.
19A-CR-339

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1705-F6-1108

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Respondent, Corey Jackson (Jackson), appeals from the trial court's revocation of his community corrections placement.

We affirm.

## ISSUE

Jackson presents us with one issue on appeal, which we restate as: Whether the State proved by a preponderance of the evidence that he violated a term of his community corrections placement by being under the influence.

## FACTS AND PROCEDURAL HISTORY

On August 1, 2017, Jackson pleaded guilty to Level 6 felony failure to return to lawful detention. The trial court sentenced him to two years, all of which was suspended to probation. On May 16, 2018, after Jackson admitted to several violations of his probation, the trial court ordered him to execute his two-year sentence through Madison County's Community Corrections Continuum of Sanctions (COS) program. Jackson was placed on work release through COS. On November 28, 2018, the trial court found that Jackson had violated the terms of his work release, for, among other things, leaving the hospital without being discharged after he had been transported for treatment upon being found unresponsive at work release. The trial court ordered Jackson to return to the COS program, where Jackson continued to be placed on work release.

[5] On December 6, 2018, Jackson was at the Madison County Work Release Center (Center). Jackson shoved his way past another participant who was talking to Center employee Mandy Hall (Hall). Jackson proceeded to the Center's day room, where he clung to a wall and a garbage can, immobile. Although standing, Jackson was "dazed" and was unresponsive to Hall's questions. (Transcript p. 26). A bench was placed under Jackson, but he was unable to seat himself. Community Corrections and Center employees removed Jackson from the wall where he was still standing and carried him to another room to ascertain his condition.

[6] Once removed from the wall, Jackson's feet at times would quickly kick back and forth. Jackson did not respond to questions being posed by those attending to him. An employee administered Narcan to Jackson via his nostril. After receiving the Narcan, Jackson regained his ability to speak and move but became verbally and physically combative with staff.

[7] Jackson was transported to St. Vincent Anderson Regional Hospital for treatment. Jackson denied smoking Spice or ingesting any other drug, but he refused to provide a urine sample when requested by hospital staff. It was noted in Jackson's medical records that he had a history of seizure disorder. The following was also noted in Jackson's medical records: "It is of concern that he was smoking [S]pice again today." (Exh. 2 Exh. Vol. I, p. 8).

[8] On December 7, 2018, the State filed a Notice seeking termination of Jackson's COS placement, alleging that Jackson had committed violations by being under

the influence on December 6, 2018;[1] Jackson had been combative with staff on December 6, 2018; and Jackson was $112.71 in arrears to COS. On January 9, 2019, the trial court held an evidentiary hearing on the State's Notice. Center employee Connor McCoy (McCoy) was Jackson's case manager and had been trained to recognize the signs of Spice intoxication. In McCoy's opinion, Jackson's behavior and condition at work release on December 6, 2018, were consistent with someone who had "ingested K2 or is overdosing on Spice[.]" (Tr. p. 22). Hall had also been trained to recognize the indicia of substance intoxication. It was her opinion that Jackson exhibited signs of intoxication on December 6, 2018. Jackson's records from his medical treatment following the December 6, 2018, incident were admitted into evidence.

[9]     The trial court found that Jackson violated the terms of his COS commitment by being under the influence on December 6, 2018.[2] The trial court ordered Jackson to serve an additional two days at the Madison County Jail. The trial court also placed Jackson directly on work release for the remainder of his sentence.

---

[1] A copy of the terms of Jackson's COS placement is not part of the record on appeal. Jackson does not dispute that this allegation stated a potential violation.

[2] The trial court found that the State had proven one of the other alleged violations, but it is unclear which one because the trial court made differing pronouncements of judgment in its oral and written judgment statements. Jackson does not dispute that the trial court found a second violation. As a general rule, a finding of one violation is sufficient to revoke a community corrections placement. *Treece v. State*, 10 N.E.3d 52, 60 (Ind. Ct. App. 2014), *trans. denied*. However, given the uncertainty regarding which of the other violations was proven, we will address Jackson's challenge to the evidence regarding the trial court's finding that he was under the influence on December 6, 2018.

Jackson now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

Jackson challenges the sufficiency of the evidence supporting the trial court's determination that he violated the terms of his community corrections placement by being under the influence on December 6, 2018. We begin by noting that placement in a community corrections program is a matter of grace and not a right to which a defendant is entitled. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). A community corrections revocation hearing is a civil proceeding, and the State must prove that revocation is warranted by the preponderance of the evidence. *State v. Rivera*, 20 N.E.3d 857, 860 (Ind. Ct. App. 2014), *trans. denied*. Upon review of the evidence supporting the revocation of a community corrections placement, we consider the evidence most favorable to the trial court's judgment. *Holmes v. State*, 923 N.E. 2d 479, 483 (Ind. Ct. App. 2010). We neither reweigh the evidence nor reassess the credibility of the witnesses. *Id*. We will affirm the decision to revoke if there is substantial evidence of probative value to support the trial court's decision. *Id*.

Here, the evidence showed that Jackson shoved his way past Hall and another COS participant before making his way to the day room where he was "dazed," unresponsive, and immobile. (Tr. p. 26). Conner and Hall, who were trained to recognize the indicia of intoxication, believed that Jackson was intoxicated. Conner specifically believed that Jackson displayed the indicia of someone who was "overdosing on Spice[.]" (Tr. p. 22). Medical professionals who treated

Jackson that day and who were aware that he had a history of seizure disorder suspected that his condition was attributable to Spice ingestion. In addition, Jackson refused to provide a urine sample when requested at the hospital, which supported a reasonable inference that he knew of his violation. We find that this was substantial, probative evidence that Jackson was under the influence on December 6, 2018. *See Holmes*, 923 N.E. 2d at 483.

On appeal, Jackson directs our attention to evidence supporting his claim that he experienced a non-drug-related seizure on December 6, 2018. We find that this portion of Jackson's argument is merely a request that we consider evidence that does not support the trial court's judgment and reassess the credibility of witnesses, which is contrary to our standard of review. *Id*. In addition, assuming, without deciding, that the trial court improperly considered Jackson's swearing at staff after he was administered Narcan as evidence of drug intoxication, we find that the remainder of the evidence adequately supports the trial court's finding. We also agree with the State that Jackson's *quasi* due process claim that the State failed to prove that his purported seizure activity was intentional does not apply to his case. The State did not allege in its violation Notice that Jackson violated his COS placement by having a seizure; rather, it alleged that he violated his placement by voluntarily being under the influence. Accordingly, we do not address Jackson's due process argument further.

# CONCLUSION

[14] Based on the foregoing, we conclude that the State proved by a preponderance of the evidence that Jackson violated the terms of his COS placement by being under the influence on December 6, 2018.

[15] Affirmed.

[16] Bailey, J. and Pyle, J. concur